DOCUMENT 2
Case 7:25-cv-01754-EGL   Document 1-1   Filed 10/13/25   Page 1 of 10
ELECTRONICALLY FILED
10/21/2024 3:29 PM
07-CV-2024-9
CIRCUIT COURT
BIBB COUNTY, ALA
KAYLA COONER, CLERK
FILED
2025 Oct-14 PM 12:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

| | |
|---|---|
| **HUNTER CLAY BICE and SHANNON LEE BICE,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**DARRYL SEELHORST;** )<br>**OAKPOINT FUND SERVICES LLC;** )<br>**KAPLAN & COMPANY; and Fictitious** )<br>**Defendants A-Z, being those individuals** )<br>**or entities who conspired with the** )<br>**above-named Defendants to commit** )<br>**the wrongful acts set forth hereinafter,** )<br>**and whose identities are unknown, but** )<br>**will be added as defendants when** )<br>**ascertained,** )<br>)<br>**Defendants.** ) | **Case No:** _____ |

### COMPLAINT

COME NOW Plaintiffs Hunter Clay Bice and Shannon Lee Bice (collectively, the "Bices" or "Plaintiffs"), and hereby file this Complaint against the following Defendants: Darryl Seelhorst; Oakpoint Fund Services LLC; Kaplan & Company; and Fictitious Defendants A-Z, being those individuals or entities who conspired with the above-named Defendants to commit the wrongful acts set forth hereinafter, and who identities are unknown, but will be added as defendants when ascertained. In support of this Complaint, Plaintiffs state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to Ala. Code § 12-11-30(1), because the amount in controversy exceeds $10,000.

1

2. Venue is proper in this Court pursuant to Ala. Code §§ 6-3-2 and 6-3-7, because a substantial part of the events giving rise to these claims occurred in Bibb County, Alabama and because Plaintiffs reside in Bibb County, Alabama.

## PARTIES

3. Plaintiff Hunter Clay Bice ("Hunter") is an individual over the age of nineteen residing in Bibb County, Alabama.

4. Plaintiff Shannon Lee Bice ("Shannon") is an individual over the age of nineteen residing in Bibb County, Alabama.

5. Defendant Darryl Seelhorst ("Seelhorst") is an individual over the age of nineteen residing in Baldwin County, Alabama.

6. Defendant Oakpoint Fund Services LLC ("Oakpoint") is an Ohio limited liability company.

7. Defendant Kaplan & Company ("Kaplan"), upon information and belief, is an Illinois company. Seelhorst, Oakpoint, and Kaplan will be collectively referred to herein as "Defendants."

## FACTUAL ALLEGATIONS

8. Upon information and belief, Seelhorst created Point Clear Capital Partners, L.P. ("PCCP") in about 2017-2018 for the purpose of creating and managing a hedge fund. More specifically, the executive summary of PCCP offered to investors like Plaintiffs provided in pertinent part:

> The primary investment objective of the Partnership is growth of capital. The business of the Partnership is the buying and selling of securities, including without limitation, stocks, options, warrants, and rights of U.S. and non-U.S. entities.

9. In late 2023 and early 2024, based on the representations of Seelhorst, Shannon contributed $100,000 in capital to PCCP and Hunter contributed $1,000,000 in capital to PCCP.

10. Based on representations of Seelhorst, Oakpoint and Kaplan were engaged by PCCP as third-party accountants to review all financial transactions to ensure that the financial records of PCCP were accurate and compliant. Further, Kaplan was engaged to provide monthly audits on PCCP. In fact, for the year ending December 31, 2023, based on Kaplan's audit, Kaplan represented to investors, such as Plaintiffs, that:

> In our opinion, the accompanying financial statements present fairly, in all material respects, the financial position of Point Clear Capital Partners, L.P. as of December 31, 2023, and the results of its operations, changes in partners' capital, and its cash flows for the year then ended in accordance with accounting principals generally accepted in the United States of America.

11. The aforementioned audit report for the year ended December 31, 2023 was provided to investors, such as Plaintiffs, by Seelhorst, Oakpoint, and Kaplan in July 2024.

12. Not long thereafter, investors, including Plaintiffs, received a report from Seelhorst in October 2024 notifying them that the hedge fund had suffered catastrophic losses.

13. Plaintiffs then became aware that substantially all of the capital they had contributed to PCCP had been lost.

## CAUSES OF ACTION

### COUNT I
### Violations of the Securities Act of Alabama
### Ala. Code § 8-6-19(a)(2)

14. Plaintiffs incorporate all preceding paragraphs of this Complaint by reference as if fully set forth herein.

15. Seelhorst offered or sold securities by means of untrue statements of material facts or omissions to state material facts necessary in order to make the statements made, in the light of

3

the circumstances under which they were made, not misleading in violation of Ala. Code § 8-6-19(a)(2).

16. This count does not incorporate by reference any allegations of common law "fraud," as this count is based and grounded in strict liability; and it is legally unnecessary, in order to prevail, for Plaintiffs to allege or prove common law-style "fraud," "reliance," "causation,", or "scienter," among other fraud-claim type elements.

17. Plaintiffs tender their PCCP securities to Seelhorst.

18. Pursuant to Ala. Code § 8-6-19(a)(2), Seelhorst is liable to Plaintiffs for, and Plaintiffs hereby demand, the full amount of their investment, plus prejudgment interest at 6% per annum, court costs, and attorneys' fees.

## COUNT II
### Violations of Securities Act of Alabama
### Ala. Code §§ 8-6-19(a)(1) and 8-6-17

19. Plaintiffs incorporate all preceding paragraphs of this Complaint by reference as if fully set forth herein.

20. Seelhorst, in connection with the offer, sale, or purchase of the above-described securities, did, directly or indirectly (i) employ devices, schemes or artifices to defraud; (ii) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (iii) engage in acts, practices, or courses of business which operated as a fraud or deceit on Plaintiffs as more specifically described elsewhere herein, all in violation of Ala. Code § 8-6-17.

21. By violating § 8-6-17, Seelhorst violated Ala. Code § 8-6-19(a)(1).

22. Plaintiffs tender their PCCP securities to Seelhorst.

23. Pursuant to Ala. Code §§ 8-6-19(a)(1) and 8-6-17, Seelhorst is liable to Plaintiffs for, and Plaintiffs hereby demand, the full amount of their investment, plus prejudgment interest at 6% per annum, court costs, and attorneys' fees.

### COUNT III
### Fraud/Willful Misrepresentation

24. Plaintiffs incorporate all preceding paragraphs of this Complaint by reference as if fully set forth herein.

25. Defendants made misrepresentations of fact in connection with the sale of the above-described securities, both for the purpose of inducing Plaintiffs' purchase of PCCP stock and for inducing Plaintiffs to continue to hold such stock after it was purchased. At the time said misrepresentations were made, Defendants knew, or reasonably should have known, that Plaintiffs would rely on their misrepresentations.

26. Said misrepresentations were made willfully or recklessly and with an intent to deceive Plaintiffs and with the requisite malice and scienter to support an award of punitive damages.

27. Plaintiffs, who were unaware of the true facts, reasonably relied on said misrepresentations in reaching their investment decision.

28. As a direct and proximate consequence of Plaintiffs' reliance on said misrepresentations, Plaintiffs were injured through the loss of their entire investment in PCCP stock.

### COUNT IV
### Omission and Suppression

29. Plaintiffs incorporate all preceding paragraphs of this Complaint by reference as if fully set forth herein.

30. In connection with the sale of the above-described securities, Defendants suppressed material facts which they were under an obligation to disclose both for the purpose of inducing Plaintiffs' purchase of PCCP stock and for inducing Plaintiffs to continue to hold such stock after it was purchased. At the time said omissions of facts were made, Defendants knew, or reasonably should have known, that the omitted information was material to Plaintiffs' investment decision.

31. Said omissions and suppressions of material fact were made willfully or recklessly and with an intent to deceive Plaintiffs and with the requisite malice and scienter to support an award of punitive damages.

32. Plaintiffs, who were unaware of the true facts, reasonably relied on said material omissions in making their decision to purchase PCCP stock and to continue to hold such stock after purchase.

33. As a direct and proximate consequent of Plaintiffs' reliance on said material omissions, Plaintiffs have been damaged through the loss of their entire investment in PCCP securities.

## COUNT V
## Negligent Misrepresentation and Omission

34. Plaintiffs incorporate all preceding paragraphs of this Complaint by reference as if fully set forth herein.

35. Defendants owed Plaintiffs a duty: to use reasonable care to ensure that representations made about the PCCP stock and its value, the finances of PCCP, and the capabilities, the financial wherewithal and acumen of Defendants, were true; to refrain from omitting material facts necessary to avoid misleading Plaintiffs; and to fairly and adequately communicate all material facts to Plaintiffs.

6

36. Defendants failed to exercise reasonable care in making accurate and timely representations about PCCP, its stock, its financial condition, and reasonable financial prospects, both for the purpose of inducing Plaintiffs' purchase of PCCP stock and for inducing Plaintiffs to continue to hold such stock after purchase.

37. At the time said misrepresentations and omissions of fact were made, Defendants knew, or should have known, Plaintiffs would rely on their misrepresentations and omissions.

38. Plaintiffs, who were unaware of the true facts, reasonably, foreseeably, and justifiably relied on said misrepresentations and omissions in reaching their investment decision.

39. As a direct and proximate consequence of Plaintiffs' reliance on said misrepresentations, Plaintiffs were injured through the loss of their entire investment in PCCP securities.

## COUNT VI
## Innocent Misrepresentation

40. Plaintiffs incorporate all preceding paragraphs of this Complaint by reference as if fully set forth herein.

41. The misrepresentations of material facts described herein, whether made willfully to deceive, recklessly without knowledge, or if made by mistake, constitute legal fraud under Ala. Code § 6-5-101 by Defendants.

42. Such misrepresentations were made to Plaintiffs both for the purpose of inducing Plaintiffs' initial purchase of PCCP stock, and to induce Plaintiffs to continue to hold such stock after it was purchased.

43. Plaintiffs, who were unaware of the true facts, reasonably, foreseeably, and justifiably relied on said misrepresentations in reaching their investment decision.

7

44. As a direct and proximate consequence of Plaintiffs' reliance on said misrepresentations, Plaintiffs were injured through the loss of their entire investment in PCCP securities.

## COUNT VII
## Breach of Fiduciary Duty

45. Plaintiffs incorporate all preceding paragraphs of this Complaint by reference as if fully set forth herein.

46. PCCP is a closely-held business.

47. Seelhorst, as PCCP's controlling officer, undertook fiduciary duties to Plaintiffs to act with the utmost care, skill, and diligence in the operation of PCCP, including the duty to keep Plaintiffs timely and accurately informed of all material facts related to their investment in and the operation of PCCP and to not divert and/or misappropriate assets of PCCP for Seelhorst's own personal benefit.

48. Seelhorst failed to exercise the requisite care, skill, and diligence in performing his duties for or on behalf of Plaintiffs and therefore breached his fiduciary duties owed to Plaintiffs.

49. Seelhorst's breaches of fiduciary duties have directly and proximately caused Plaintiffs to suffer damages via the loss of their investment in PCCP.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

A. On Counts I and II (Alabama Securities Act), against Seelhorst, for rescission and/or damages by statutory formula according to proof at trial, of not less than the aggregate amounts paid for the PCCP securities, plus 6% per annum statutory interest from the date of Plaintiffs' purchase of PCCP securities to the date of judgment, and reasonable attorneys' fees and costs as provided by statute.

B. On Counts III-VI (Fraud; Negligent/Innocent Misrepresentation; Suppression), against Defendants for damages according to proof at trial, for prejudgment interest on the detention of money due to be refunded to Plaintiffs, and where appropriate, for punitive damages in the amount of not less than three times the compensatory damages of Plaintiffs. Plaintiffs also pray for costs and other relief.

C. On Count VII (Breach of Fiduciary Duty), against Seelhorst for damages according to proof at trial (but not less than the aggregate amount Plaintiffs paid for PCCP securities, plus unpaid dividends due on said PCCP securities), for prejudgment interest on the detention of money due to be refunded to Plaintiffs. Plaintiffs also pray for costs and other relief.

### DEMAND FOR A TRIAL BY JURY

Plaintiffs hereby demand a trial by struck jury.

Respectfully submitted,

*/s/ Andrew P. Campbell*
Counsel for Plaintiffs

**OF COUNSEL**:

Andrew P. Campbell
Todd Campbell
CAMPBELL PARTNERS
505 20th Street North, Suite 1600
Birmingham, AL 35203
205.224.0750
andy@campbellpartnerslaw.com
todd@campbellpartnerslaw.com

Wyman O. Gilmore, Jr.
GILMORE LAW FIRM
P.O. Box 729
Grove Hill, AL 36451
wogilmore@gilmorelawfirm.com

9

**DEFENDANTS WILL BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**Darryl Seelhorst**
**16291 Scenic Highway 98**
**Fairhope, AL 36532-7160**

**Oakpoint Fund Services LLC**
**565 Long Cove**
**Avon Lake, OH 44012**

**Kaplan & Company**
**200 N. Fairway Drive—Suite 172**
**Vernon Hills, IL 60061**

10